UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VICTORIA ANI,<br><br>                    Plaintiff,<br><br>     v.<br><br>LEE ZELDIN, *EPA Administrator*,<br><br>                    Defendant. | Case No. 1:24-cv-3328 (JMC) |

**MEMORANDUM OPINION**

Victoria Ani sued the Administrator of the Environmental Protection Agency—where she used to work—alleging race, sex, and disability discrimination.[1] After filing in this Court, she moved to transfer her case to the District of New Jersey or, failing that, to keep it here. The Government countered with a request to transfer the case to the Southern District of New York or dismiss for improper venue. Because venue is not proper in either this district or the District of New Jersey, the Court **DENIES** Ani's motion to transfer. Because venue is proper in the Southern District of New York, and because it is in the interest of justice to transfer rather than dismiss this case, the Court **GRANTS** the Government's motion in part and denies it in part. The case is transferred to the Southern District of New York and the motion to dismiss is denied as moot.[2]

**I.     BACKGROUND**

Victoria Ani worked at the Environmental Protection Agency (EPA) from July of 2022 until her termination in April of 2023. ECF 1 at 1–2. Ani was hired to work in a job "in New

---

[1] Administrator Zeldin has been substituted for his predecessor in office. *See* Fed. R. Civ. P. 25(d).

[2] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

1

York," but she maintains that throughout the hiring process she was told that she would not have to relocate to the city from her home in Baltimore. *Id.* at 3. Instead, she would "only be[] required to be in [the] New York office once a week." *Id.*

But shortly after starting at the agency, Ani was told that she would need to relocate after all. *See id.* The human resources employee who initially offered her the job—and who she says previously assured her that she would not be required to relocate—told her that she needed to move to the "New York Region," which covered Connecticut, New Jersey, Pennsylvania, and New York. *Id.* at 4. Eventually, Ani bought a house and moved to New Jersey. *Id.* at 6. Thirty days later, she was fired. *Id.*

Ani filed this lawsuit, alleging discrimination on the basis of race, sex, and disability. *See id.* at 7–12. Ani filed her complaint in this Court, but she then moved to transfer the case to the District of New Jersey because that is where she currently resides and "worked mostly remotely" for the duration of her employment. ECF 7 at 1. In response, the Government filed a cross-motion to transfer the case to the Southern District of New York, arguing that is "where the allegedly unlawful employment action occurred and where Plaintiff would have worked but for the allegedly unlawful employment action." ECF 9 at 5. The Government asked the Court to either transfer the case or dismiss the complaint for improper venue under Federal Rule of Procedure 12(b)(3). *Id.*

## II.   LEGAL STANDARD

When considering a Rule 12(b)(3) motion to dismiss for improper venue, "the court accepts the plaintiff's well-pled factual allegations regarding venue as true [and] draws all reasonable inferences from those allegations in the plaintiff's favor." *Darby v. U.S. Dep't of Energy*, 231 F. Supp. 2d 274, 276 (D.D.C. 2002). The Court "may consider material outside of the pleadings" in resolving a motion under Rule 12(b)(3). *Abraham v. Burwell*, 110 F. Supp. 3d 25, 28

(D.D.C. 2015); *see also* Wright & Miller, 5B Fed. Prac. and Proc. Civ. § 1352 n.23 (4th ed. 2025) (collecting cases holding that a "district court may examine facts outside the complaint to determine whether its venue is proper").

## III. ANALYSIS

Ani does not identify the source of law underlying each of the claims in her complaint. As the Government rightly notes, however, her allegations of sex and race discrimination amount to claims under Title VII of the Civil Rights Act of 1964, and the disability discrimination allegations sound like a Rehabilitation Act claim. *See* ECF 9 at 5. In responding to the Government's motion, Ani has not pointed to any other source of law underpinning her claims or otherwise objected to this interpretation of her complaint. *See generally* ECF 12. In deciding the appropriate venue for this suit, the Court therefore analyzes Ani's claims as claims under those two statutes.

"Venue for Title VII actions is governed by the particular venue provision contained in 42 U.S.C. § 2000e-5(f)(3)." *Dehaemers v. Wynne*, 522 F. Supp. 2d 240, 247 (D.D.C. 2007). That provision allows "a plaintiff [to] bring suit in any one of three judicial districts: (1) where 'the unlawful employment practice is alleged to have been committed'; (2) where 'employment records relevant to such practice are maintained and administered'; or (3) where 'the aggrieved person would have worked but for the alleged unlawful employment practice.'" *Jones v. Hagel*, 956 F. Supp. 2d 284, 288 (D.D.C. 2013) (K.B. Jackson, J.) (citing 42 U.S.C. § 2000e-5(f)(3)). "If the defendant is not found in any of those districts, a plaintiff may also bring suit (4) 'within the judicial district in which the respondent has his principal office.'" *Id.* (citing 42 U.S.C. § 2000e-5(f)(3)). This same "venue provision also applies to claims brought under the Rehabilitation Act." *Dehaemers*, 522 F. Supp. 2d at 247; *see* 29 U.S.C. § 794(a) (Rehabilitation Act incorporating "remedies, procedures, and rights" provided in Title VII, including the venue provision).

3

Here, Ani argues that venue is proper either in the District of New Jersey (where she has asked the Court to transfer the case) or in this district (where she asks the Court to keep the case if it is not transferred to New Jersey). *See* ECF 7 at 1–2. The Government, on the other hand, says that neither of those districts satisfy the prerequisites of the statute and instead asks the Court to transfer the case to the Southern District of New York. *See* ECF 9 at 5.

The Government is right that venue is proper in the Southern District of New York. Ani alleges that she was discriminated against by her supervisors—both of whom were based in New York. *See* ECF 1 at 2, 6, 8, 10–12 (describing alleged conduct of Christine Ash and Aisha Sexton Simms); ECF 9-1 ¶ 5 (Government's declarant averring that "EPA management in New York, New York made the decision to terminate" Ani). That makes venue proper in the Southern District. The place where the "unlawful employment practice is alleged to have been committed," 42 U.S.C. § 2000e-5(f)(3), is "the place where the *decisions* and *actions* concerning the employment practices occurred." *Jones*, 956 F. Supp. 2d at 289. Here, that's New York.

Nevertheless, if Ani can "satisfy one" of Title VII's venue prerequisites for either D.C. or the District of New Jersey, venue would still "be proper in [her] chosen forum." *Id.* at 288. Because the "defendant" *can be* "found" in one of the districts listed under Title VII's first three bases for establishing venue—New York—Ani cannot point to the location of the EPA's "principal office." 42 U.S.C. § 2000e-5(f)(3). Instead, she must show that either New Jersey or D.C. is "the State in which the unlawful employment practice is alleged to have been committed," is "the judicial district in which the employment records relevant to such practice are maintained and

4

administered," or is "the judicial district in which [she] would have worked but for the alleged unlawful employment practice." *Id.* Neither location satisfies any of those requirements.[3]

As the above makes clear, the "unlawful employment practice is alleged to have been committed" in New York—where her supervisors were making the decisions and taking the actions that are challenged. *See supra* at 4. That rules out the first provision.

The second ground for establishing venue does not work, either. The question for that portion of the statute is where "the employment records relevant to" the challenged "employment practice" "are maintained and administered." 42 U.S.C. § 2000e-(5)(f)(3). The Government's declarant testifies that Ani's employment records are located in New York, North Carolina, or Ohio—not D.C. or New Jersey. *See* ECF 9-1 ¶ 4. That declaration is "sufficient to establish" that Ani's "employment records" are not maintained in either of her preferred districts. *Kendrick v. Potter*, No. 06-cv-122, 2007 WL 2071670, at *3 (D.D.C. July 16, 2007).

That leaves only the final ground. To establish venue under that prong, Ani must show that New Jersey or D.C. is "the judicial district in which [she] would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-(5)(f)(3). Ani cannot possibly claim that is true of D.C. Her complaint says she worked at various times in Baltimore (remotely), New Jersey (remotely), and New York (the office she went into once a week). *See* ECF 1 at 3, 6. She never worked or would have worked in this role from D.C.

New Jersey presents a slightly trickier question. Ani moved to New Jersey and, but for her termination, would have continued working remotely from there four days a week while

---

[3] The D.C. Circuit has seemingly not decided whether the plaintiff bears the burden of establishing venue or the defendant bears the burden of defeating venue. Other courts in this district have held that the "plaintiff bears the burden of proving that venue is proper," and that is seemingly the majority view. *Lemon v. Kramer*, 270 F. Supp. 3d 125, 138 (D.D.C. 2017); Wright & Miller, 5B Fed. Prac. and Proc. Civ. § 1352 n.16 (4th ed. 2025) (collecting cases). The Court follows that approach—which strikes it as the correct one—but notes that even if the Government bore the burden of disproving Ani's claim of proper venue in New Jersey or D.C., it carried that burden.

"commut[ing] to the New York office once a week." ECF 1 at 4, 6; *see also* ECF 12 at 5. It is not implausible to think that makes New Jersey a proper venue for this suit.

The best reading of the statute, however, compels the contrary conclusion. The statute's "use of the article 'the'"—"the judicial district"—"rather than 'a' strongly suggests that the requirement refers to the aggrieved individual's principal place of work, and not any district in which the individual's work might take him." *James v. Booz-Allen*, 227 F. Supp. 2d 16, 23 (D.D.C. 2002). Ani's telework agreement makes clear that her "principal place of work" was in New York. Her "official work station" was in New York, with New Jersey listed as an "alternative work location." ECF 9-2 at 1. And Ani was required to be in the New York office "once a week." ECF 1 at 3, 4; *see also* ECF 1-2 at 1 (Ani sending message saying she "received an offer" for a job "based in New York" that will require her to go into the "New York city office once a week"); ECF 1-2 at 3 (similar email sent by Ani). New York, not New Jersey, is therefore where Ani "would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-(5)(f)(3). That conclusion comports with the decisions of other courts that have held that employees who "primarily telework[]" nevertheless "would have worked but for the alleged unlawful employment practice" in the location of their "designated workspace." *Alessa v. Harker*, No. 20-cv-1320, 2021 WL 5911180, at *1, *5 (D.D.C. Mar. 31, 2021).

Because neither of Ani's preferred districts satisfy the statute's requirements, and because the Southern District of New York does, the Court will transfer the case there. As the Government acknowledges, the Court need not dismiss the complaint but instead can exercise its discretion to transfer the case to an appropriate district. *See* ECF 9 at 11. The latter option is appropriate where transfer is "in the interest of justice," and "[g]enerally, the interest of justice requires courts to transfer cases to the appropriate judicial district, rather than dismiss them." 28 U.S.C. § 1406(a);

6

*Darby v. U.S. Dep't of Energy*, 231 F. Supp. 2d 274, 277 (D.D.C. 2002). The typical path is the appropriate one here, so the Court transfers this case to the Southern District of New York.

Because Ani expressed concerns in her briefing about having the case transferred to a state court rather than a federal one, *see* ECF 12 at 1–2, the Court reassures her that the case is being transferred to the United States District Court for the Southern District of New York, not a state court. The Court is likewise sympathetic to Ani's health concerns, which she says make it difficult for her to travel. *See id.* at 2–3. Because Ani lives in New Jersey, however, the Court does not see how traveling to the Southern District of New York would be meaningfully less convenient than traveling to this district. Regardless, the statute prescribes the appropriate venues for this suit, and neither the District of New Jersey nor this Court qualify.[4]

\* \* \*

Ani's motion to transfer, ECF 7, is **DENIED**. The Government's motion to transfer or dismiss, ECF 9, is **GRANTED in part and DENIED in part**. The Government's request to transfer the case to the Southern District of New York is granted, and its motion to dismiss in the alternative is denied as moot.

**SO ORDERED.**

                                                                                           _____
                                                                                           JIA M. COBB
                                                                                           United States District Judge

Date: December 4, 2025

---

[4] Ani's complaint could be read to raise claims that arise under statutes other than Title VII and the Rehabilitation Act. For instance, at one point in her complaint she protests that "[f]orced relocation was not part of the [c]ollective agreement as I had attached the Unions agreement on remote work." ECF 1 at 31. Even if Ani is bringing claims beyond the Title VII and Rehabilitation Act ones, however, it does not change this Court's conclusion as to the appropriate venue. The "normal practice" is to "transfer the entire case" to the appropriate venue, "rather than severing the claims" that might have been "properly raised in this venue." *L. Xia v. Tillerson*, 865 F.3d 643, 661 (D.C. Cir. 2017). The Court follows that normal course by transferring the entire case to the Southern District of New York. Any questions about the scope of the allegations in the complaint are left to that court.